**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEIL EDWARD STONE,<br><br>        Plaintiff,<br><br>    v.<br><br>E. PEREZ, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01571-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

    Plaintiff Neil Edward Stone is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on October 15, 2015.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names E. Perez (Appeals Coordinator) and Timothy Lockwood (Chief at Regulation and Policy Management Branch) as Defendants.

The California Department of Corrections and Rehabilitation (CDCR) implemented a policy which restricted all internal/external speakers from inmates' appliances, forcing them to either utilize earbuds or headphones when watching television or listening to the radio.

Plaintiff appealed the policy on August 9, 2015, alleging that it was deliberately indifferent because prolonged use of headphones causes hearing loss. Defendant Perez rejected Plaintiff's appeal on the basis that Plaintiff did not submit documentation that he had personally suffered hearing loss due to the policy

Plaintiff re-submitted the appeal stating that he does not have to suffer harm before challenging a policy. Defendant Perez again rejected Plaintiff's appeal holding to the notion that he must submit proof that he has personally suffered hearing loss.

1    Plaintiff resubmitted his appeal to Defendant Perez explaining that he was frustrating and
2  impeding Plaintiff's access to the court.  Defendant Perez cancelled Plaintiff's appeal.

## III.

## DISCUSSION

### A.   Deliberate Indifference to Substantial Risk of Future Harm

Under the Eighth Amendment, "prison officials are … prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008) (quoting Farmer, 511 U.S. at 841).  Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [conditions] that pose an unreasonable risk of serious damage to his future health, Hellings, 509 U.S. at 35.

Plaintiff submits that prolonged use of headphones causes hearing loss due to excessive pressure on the eardrum.  CDCR's policy makes it the only available option to utilize headphones when watching television or listening to the radio.  This creates a situation where Plaintiff has to utilize headphones more frequently than ordinary citizens, thereby significantly raising the risk to the Plaintiff's future health by causing him to suffer hearing loss, because hearing loss is a certainty.  Plaintiff further argues that there is no rational relationship to penological interest.  CDCR has failed to disclose the rationale for the restriction of speakers.

There is insufficient evidence that requiring prisoners, such as Plaintiff, to wear headphones or earbuds raises a "substantially risk of serious harm," and Plaintiff's mere allegation that use of headphones and/or earbuds can lead to hearing loss is insufficient, alone, to state an "objectively" serious risk of harm.  Thus, Plaintiff fails to state a claim under the Eighth Amendment for deliberate

indifference. The Court will grant Plaintiff one opportunity to amend the complaint, if in good faith he believes he can cure the deficiencies.

### B. Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Although Plaintiff claims that Defendant Perez has interfered with his access to the courts, Plaintiff has failed to demonstrate any actual prejudice to contemplated or existing litigation in relation to Perez's handling of Plaintiff's inmate appeals. Accordingly, Plaintiff fails to state a cognizable claim for denial of access to the courts.

### III.
### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed October 15, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 11, 2016**

UNITED STATES MAGISTRATE JUDGE